UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REGENCE BLUESHIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>SUSAN FINN,<br><br>    Defendant. | No. 1:16-cv-03011-SAB<br><br>**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 65, and Defendant's Motion for Summary Judgment, ECF No. 67, as well as various Motions to Strike, ECF Nos. 70, 71, 81, & 82. Plaintiff is represented by J. Gordon Howard and Medora Marisseau. Defendant is represented by Douglas Nicholson. The Court considered these matters without oral argument.

## Motion Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 1**

325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

Where parties submit cross-motions for summary judgment, "each motion must be considered on its own merits." *Fair Housing Council of Riverside Cnty. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). In analyzing the two motions, a court has an independent duty to review each motion and its supporting evidence to evaluate whether an issue of fact remains when the parties believe there is no issue of material fact. *Id.* In doing so, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## BACKGROUND FACTS

The parties submitted a Joint Stipulation of Facts Not in Dispute. ECF No. 63. The following facts are taken from the parties' Joint Stipulation and the parties' filings with respect to a prior Motion to Dismiss.

Defendant Susan Finn receives medical coverage from her husband's employer, Puget Sound Energy (PSE), under the Puget Sound Energy, Inc. Health & Benefit Plan ("the Plan"). ECF No. 63, ¶1, 7. The Plan was established in 1961 and is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). ¶14, 5. It is a comprehensive employee welfare benefit plan that offers

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 2**

benefits including but not limited to medical, dental, disability and life insurance benefits. ¶17. The benefits offered under the medical component of the Plan are the same regardless of union affiliation. ¶15. PSE is the employer, Plan Sponsor, and Plan Administrator with respect to the medical benefits at issue in this case. ¶3.

In October, 2012, Defendant and her husband were riding bikes in Ellensburg, Washington. Defendant was chased down by a large dog and knocked off her bike. She sustained injuries, including injures to her left shoulder. She maintains she is unable to make full use of her shoulder, and there are no more medical options available to improve or correct the problem. Defendant and her husband sued the dog owner in Kittitas County Superior Court, and eventually settled for the dog owner's policy insurance limit of $100,000. According to Mr. Finn, initially Plaintiff refused to pay for Defendant's medical bills and they had to hire an attorney. After the attorney became involved, Plaintiff agreed to pay the medical bills (less the co-payments and deductibles), which totaled $45,363.44.

For Plan Year 2011, the medical benefits offered under the Plan were fully insured by Regence BlueShield ("Regence") ¶21. For Plan Year 2012, the medical plan offered by PSE was, and to this date remains, self-funded. ¶22. As a result, PSE no longer pays Plaintiff Regence to insure the Plan. Rather, it acts as the claims administrator. ¶1. This funding change was communicated to the IBEW during a planning meeting in September, 2011, and November, 2011. ¶23, 24.

In addition to the funding change, a change was also made regarding reimbursement for third party payments. In 2011, because the plan was an insurance plan, it was subject to Washington law regarding third-party reimbursements and specifically its make-whole requirement, which provides that an insurer's right of reimbursement is not triggered unless and until the insured has been fully compensated for his or her loss. ¶27. The make-whole requirement was eliminated by the self-funded 2012 Plan. To the contrary, the 2012 Plan's

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 3**

Right of Reimbursement and Subrogation Recovery provision provides for reimbursement of benefits to the Plan if (1) a beneficiary is injured by another party, (2) the Plan pays medical benefits because of that injury, and (3) the beneficiary recovers from a third-party because of that injury. ¶30.

Since Plan Year 2012, the Plan's Open Enrollment communications are maintained in an online format. ¶32. As part of this initiative, PSE replaced the hard copy of the benefits guide and summary plan descriptions with e-guides. *Id.* At the beginning of the 2012 open enrollment process, the Plan prepared a document title "Benefit News for PSE Employees," dated October 2011. ¶34. This document stated, in part, that employees could obtain a copy of the 2012 Benefits Guide from PSE's on-line website; and they could also go to "PSEWeb, select the HR home page/Benefits/Health and Welfare Benefits, then Medical Plan" to view or download an "e-version of their benefit plan summaries." ¶35. A PSE employee could also request a paper copy of the 2012 Benefits Guide and benefit plan summaries by contacting the e-mail address provided in the Benefits Guild, or by contacting their human resources representative. ¶38. At all times relevant to this litigation, the Plan's benefit documents, including the benefit plan summaries, were available on PSE Web—the PSE employee intranet.

Plan records indicate that Plan participants were sent a copy of the "Benefit News for PSE Employees" on or about October 3, 2011. ¶36. Plan records indicate that Don Finn, Defendant's husband, was among those Plan participants who were sent a copy of the newsletter titled "Benefits News for PSE Employees." ¶37. Neither Don Finn nor Defendant recall receiving the newsletter. ¶37.

On or about March 20, 2013, Regence sent Douglas W. Nicholson, counsel for Defendant, a copy of the 2012 Preferred Medical Plan Summary Plan Description ("2012 PMP SPD"). ¶46. $38,460.67 of the $45,363.44 of medical expenses (85%) was paid after this date. ¶47.

///

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 4**

## Procedural History

Plaintiff filed suit seeking to enforce the terms of the 2012 Plan and for equitable relief pursuant to Employee Retirement Income Security Act of 1974 ("ERISA"). Specifically, Plaintiff seeks to recover the $45,363,44.00 it paid in medical benefits for Defendant's injuries. Defendant's counsel agreed to maintain this amount in his law firm's IOLTA trust.

Both parties now move for summary judgment. ECF Nos. 65, 67. Plaintiff maintains that either it or PSE complied with ERISA's reporting and disclosure requirements; therefore Defendant must reimburse the Plan in accordance with its written terms at the time of the Accident. Plaintiff maintains that because Defendant's husband has a company cell phone, ipad, and computer, he had access to the electronic version of the 2012 SPD. Similarly, because Defendant has a cell phone, computer, laptop and ipad, it follows she had access to the electronic version of the 2012 SPD.

Defendant's theory is that because her husband did not receive proper notice that the plan changed, the 2011 plan was in effect at the time of her accident and therefore, she does not have to reimburse Plaintiff the $45,363.44. She maintains that the only PSE Plan ever furnished to them by or on behalf of PSE was the 2011 Preferred Medical Plan ("PMP") and they never personally received actual copies of the 2012, 2013, or 2014 Summary Plan Descriptions ("SPD"). *Id*. Also, Defendant asserts that neither she nor her husband ever used PSE's online website, or any other website, to access any of the PSE's medical benefits plans, including the 2012, 2013, and 2014 SPDs. *Id.* Because they never received the requisite notice, the 2011 version is controlling.

## Analysis

"Employers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans." *Curtiss–Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995). "[E]mployers have large leeway

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 5**

to design disability and other welfare plans as they see fit." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 833 (2003). The principal that contractual "provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA [welfare benefits] plan." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, __ U.S __, 134 S. Ct. 604, 611–612 (2013). That is so because the "focus on the written terms of the plan is the linchpin of a system that is not so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [welfare benefits] plans in the first place." *M & G Polymers USA, LLC v. Tackett*, __ U.S. __, 135 S. Ct. 926, 933 (2015) (citation omitted).

Here, there is no question that PSE could amend its medical benefits plan. Similarly, there is no question that prior to her accident, Defendant could have accessed the 2012 Plan by a number of means had she chose to do so: (1) requesting a paper copy by email; (2) accessing the Plan online; or (3) contacting the human resources representative. ¶38. PSE's efforts to provide access to its medical plans are more than adequate to meet the notice requirements of ERISA.

Moreover, Defendant's failure to take advantage of the access provided by PSE does not make the 2012 Plan null and void as she would like to have it. Generally, a claimant who suffers because of a fiduciary's failure to comply with ERISA's procedural requirements (i.e. notice violations) is entitled to no substantive remedy. *Blau v. DelMonte Corp.*, 748 F.2d 1348, 1353 (9th Cir. 1984) abrogation on other grounds recognized by *Dytrt v. Mountain State Tel. & Tel. Co.*, 921 F.2d 889, 894 n.4 (9th Cir. 1990)). To the extent that Defendant is pursuing an equitable defense, this is precluded as well. Recently, the U.S. Supreme Court explained that an ERISA plan's terms, not unjust enrichment or other equitable principles, govern a plan administrator's actions to enforce an equitable lien by agreement. *US Airways, Inc. v. McCutchen*, __ U.S. __, 133 S. Ct. 1537 (2013). Thus, equitable doctrines, (*i.e.*, double recovery or common fund

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 6**

rules) cannot override the applicable contract. *Id.*

On the other hand, "[i]ndividual substantive relief under ERISA is available where an employer actively and deliberately misleads its employees to their detriment. In such cases, wrongs will be undone and means found to make benefits available. Even where benefits are not available under the applicable plan, 'appropriate' equitable relief may be awarded." *Peralta v. Hispanic Bus. Inc.*, 419 F.3d 1064, 1075 (9th Cir. 2005). Here, Defendant has not alleged, nor does the record support, any findings that PSE actively and deliberately mislead its employees to their detriment.

## CONCLUSION

Under ERISA, the plan term's control. It is undisputed that under the 2012 Plan, Plaintiff is entitled to reimbursement for the medical benefits it paid to Defendant after Defendant obtained a settlement from a third-party. Defendant had adequate access to the 2012 Plan documents. Even if PSE violated ERISA by failing to provide adequate access, the remedy sought by Defendant, voiding the 2012 Plan and reinstating the 2011 Plan is not available under ERISA, given the underlying facts of this case. As such, summary judgment in favor of Plaintiff and against Defendant is appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 65, is **GRANTED**.
2. Defendant's Motion for Summary Judgment, ECF No. 67, is **DENIED.**
3. The District Executive is directed to enter judgment in favor of Plaintiff in the amount of $45,363.44 and against Defendant.
4. Defendant's Motion to Strike Unsupported and Misleading Statements From Regence's Motion for Summary Judgment, ECF No. 70, is **DENIED**, as moot.
5. Defendant's Motion to Strike Inadmissible States from the Declaration of Michele Ritala Filed in Support of Regence's Motion for Summary

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 7**

Judgment, ECF No. 71, is **DENIED**, as moot.

6. Defendant's Motion to Strike Inadmissible Statements from the Second Declaration of Michele Ritala, ECF No. 81, is **DENIED**, as moot.

7. Defendant's Motion to Strike New Arguments First Raised in Regence Reply Memorandum in Support of its Motion for Summary Judgment, or Alternatively, to Allow Filing of a Surreply, ECF No. 82, is **DENIED**, as moot.

8. The parties' Joint Motion to Continue Trial Setting, ECF No. 91, is **DENIED**, as moot.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 15th day of June, 2017.



_____
Stanley A. Bastian
United States District Judge

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 8**